IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ABDULLAH M RASHEED**,       : | |
|                                                         : | |
|       **Plaintiff,**       : | |
|                                                         : | CIVIL NO. 5:15-CV-0167-MTT |
| **VS.**                                         : | |
|                                                         : | |
| Commissioner **BRIAN OWENS, et al,** : | |
|                                                         : | |
|       **Defendants.**    : | |

## ORDER

Plaintiff Abdullah M. Rasheed, a state prisoner currently confined at Calhoun State Prison in Morgan, Georgia, has filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983.  Although the caption of the Complaint lists the names of three other inmates, Rasheed will be considered the only plaintiff in this action, as he is the only prisoner who signed the Complaint (ECF No. 1) and moved for leave to proceed *in forma pauperis* (ECF No. 3).[1]  Plaintiff Rasheed has also moved for the appointment of counsel (ECF No. 2).

Upon consideration of Plaintiff's pleadings, however, the Court finds that Plaintiff may not proceed *in forma pauperis*, as three or more of Plaintiff's prior complaints or

---

[1] Even if the other inmates were to meet these procedural requirements, *pro se* prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit.  *See Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001).  Each prisoner is required to file his own lawsuit and pay his own filing fee. *Id*.  Plaintiff likewise lacks standing to bring any claims on behalf of these other inmates.  *See Granite State Outdoor Adver., Inc. v. City of Clearwater, Fla*., 351 F.3d 1112, 1116 (11th Cir. 2003) ("a party generally may assert only his or her own rights and cannot raise the claims of third parties not before the court").  Therefore any claims brought by (or on behalf of) the other inmates are **DISMISSED** without prejudice.

appeals have been dismissed and count as "strikes" under 28 U.S.C. § 1915(g). His Complaint is accordingly **DISMISSED**, without prejudice, for both this reason and as a sanction for Plaintiff's submission of patently false or intentionally misleading information. Plaintiff's request for counsel is **DENIED**.

### I.     Motion for Appointment of Counsel

Plaintiff has moved for the appointment of counsel. Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

In this case, Plaintiff, an experienced *pro se* litigator, has filed a § 1983 *pro se* complaint on a standard form. Prisoners routinely complete these forms without the assistance of counsel. In his Complaint, Plaintiff clearly alleges an incident of excessive force and identifies appropriate (or otherwise logical) defendants. The facts stated in Plaintiff's Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex. Plaintiff has also moved for leave to proceed *in forma pauperis* and demonstrated sufficient knowledge of this process so as to even attempt to satisfy the "imminent danger" exception of 28 U.S.C. § 1915(g) in his Complaint.

Plaintiff therefore appears to be sufficiently competent to logically articulate his claims and motions without the assistance of legal counsel and does not identify any "exceptional circumstance" justifying appointment of counsel in this case. Plaintiff's Motion (ECF No. 2) is accordingly **DENIED**.

II.     **Motion to Proceed** *in forma pauperis*

As indicated above, Plaintiff has also moved for leave to proceed in this case *in forma pauperis* (ECF No. 3). Federal law prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: Leave may not be granted unless the prisoner alleges an imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed many lawsuits in federal court and that at least three of his complaints or appeals have been dismissed as frivolous or malicious or for failure to state a claim. *See Rasheed v. Terry*,

3

5:07-cv-00461-HL, ECF No. 7 (M.D. Ga. Dec. 11, 2007) (complaint dismissed as frivolous); *Rasheed v. MacNamara*, 1:08-cv-00622-TWT, ECF No. 3 (N.D. Ga. March 3, 2008) (dismissed for failure to state a claim); *Rasheed v. Owens*, 5:11-cv-00086-LGW, ECF No. 65, Appeal No. 12-14595-C (11th Cir. Jan 16, 2013) (appeal dismissed as frivolous). Because of this, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *See Medberry*, 185 F.3d at 1193.

To qualify for this exception, a prisoner must allege specific facts that describe "an ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attny's Ofc.*, 334 F. App'x 278, 279 (11th Cir. Aug. 22, 2009). Complaints of past injuries - as are alleged here - are not sufficient. *See id.* Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Although, in this case, Plaintiff does use the phrase "imminent danger" in his Complaint (ECF No. 1-1 at 4), he does not claim to have an ongoing serious physical injury which requires immediate treatment or allege sufficient facts to show a specific pattern of misconduct which would suggest that he is in imminent danger of serious physical injury.

4

Plaintiff's general and vague allegations that a use of "excessive force has been going on for a long time" and request for the Court to "stop this physical abuse" is not sufficiently specific to establish a real and imminent danger of serious physical injury. *See White,* 157 F.3d at 1231 (vague allegations of harm and unspecific references to injury are insufficient). The Court thus finds that Plaintiff has failed to demonstrate how he is now entitled to proceed *in forma pauperis* despite his three strikes.

Plaintiff's Motion to proceed *in forma pauperis* is **DENIED**, *see* § 1915(g), and his Complaint **DISMISSED** without prejudice to his right to refile with pre-payment of the full $400 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

### III.    Failure to Disclose Litigation History

Even if Plaintiff was entitled to proceed *in forma pauperis* in this case, his Complaint is also subject to dismissal because he knowingly provided false and misleading information to the Court. On his complaint form, Plaintiff unambiguously states that he has never before filed any federal lawsuit related to his imprisonment. (ECF No. 1 at 2). He also clearly states that he has never had any federal lawsuit dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (*Id.* at 3).

As found above, however, Plaintiff has filed many lawsuits while incarcerated or detained and had at least three of his complaints or appeals dismissed as frivolous or

5

malicious or for failure to state a claim.  In light of the number of his prior cases, the Court cannot find that Plaintiff's false statements were the result of a mistake or mere oversight. Plaintiff had to have been aware that he had filed prior lawsuits and knowingly concealed this fact in his Complaint.

Because of this, Plaintiff's Complaint can also be properly **DISMISSED** without prejudice as a sanction under Rule 11 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 11(c); *Redmon v. Lake Cnty. Sheriff's Ofc.*, 414 Fed. App'x 221, 226 (11th Cir. 2011) ("district court may impose sanctions [under Rule 11(c)] if a party knowingly files a pleading that contains false contentions…."); *Hood v. Tomkins*, 197 Fed. App'x 818, 819 (11th Cir. 2006) (affirming dismissal as Rule 11 sanction for plaintiff's failure to disclose litigation history).

### IV.     Conclusion

Leave to proceed *in forma pauperis* is accordingly **DENIED** pursuant to § 1915(g), and Plaintiff's Complaint shall be **DISMISSED** without prejudice for both this reason and as a sanction under Rule 11(c).  Plaintiff's Motion for Counsel is **DENIED**.

**SO ORDERED**, this 28th day of May, 2015.

                                       S/ Marc T. Treadwell
                                       MARC T. TREADWELL
                                       UNITED STATES DISTRICT COURT